UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGENA WHITE,

    Plaintiff,

v.                                        Case No. 8:13-cv-478-T-30MAP

BELTRAM EDGE TOOL SUPPLY, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion in Limine (Dkt. 69), Plaintiff's Motion in Limine (Dkt. 70) and the parties' responses thereto. On January 7, 2016, the Court conducted the Pretrial Conference and heard, in relevant part, oral argument on both Motions in Limine. For the reasons stated on the record, the Motions in Limine (Dkts. 69 & 70) are granted in part and denied in part as follows:

**Defendant's Motion in Limine (Dkt. 69)**:

1.    Request to Exclude Dr. Okun's March 30, 2012 Letter

As stated on the record, the Court's inclination at this time is to exclude the letter. Accordingly, Plaintiff shall not talk about the letter during her opening or during any part of the trial without first approaching the bench and seeking the Court's permission. The Court may change this ruling if, prior to trial, Plaintiff identifies medical records that support Dr. Okun's opinion.

2.      Request to Exclude Evidence Related to Carlos Fernandez

As stated on the record, this request is denied.

**Plaintiff's Motion in Limine (Dkt. 70)**:

1.      Request to Exclude AFLAC form dated February 23, 2011

As stated on the record, this request is denied.  The AFLAC form is relevant to several issues in this case, including, among other things, the calculation of Plaintiff's damages.

2.      Request to Exclude Argument about Absences between December 28, 2011, and January 27, 2012.

As stated on the record, this request is denied.

3.      Request to Exclude Argument about Plaintiff's Refusal to Update Her Address

As stated on the record, the Court reserves ruling on this issue.

4.      Request to Exclude Argument That Whether Plaintiff Suffered from a "Serious Health Condition" Should Be Based Solely on Information Received Prior to Plaintiff's Termination.

As stated on the record, this request is denied.

**Defendant's Oral Motion in Limine**:

At the Pretrial Conference, Defendant orally moved to exclude any testimony related to the unpled claim that Defendant failed to provide proper notice of the FMLA to its employees, including Plaintiff.  The Court grants this oral motion to the extent that Plaintiff cannot insert a notice claim in this case, i.e., any claim or testimony that Defendant failed to give notice to its employees about the FMLA as required under the Act.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion in Limine (Dkt. 69) and Plaintiff's Motion in Limine (Dkt. 70) are granted in part and denied in part.

**DONE** and **ORDERED** in Tampa, Florida on January 7, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-478.MILs-69and70.wpd