**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**REGENA WHITE,**

    **Plaintiff,**

v.                                                                  Case No.  8:13-cv-478-T-30MAP

**BELTRAM EDGE TOOL SUPPLY, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Judgment as a Matter of Law, or, in the Alternative, for a New Trial (Dkt. 110) and Plaintiff's Motion for Liquidated Damages (Dkt. 102). The Court, having reviewed the motions, the parties' respective responses in opposition, and being otherwise advised in the premises, concludes that Defendant's motion should be denied and Plaintiff's motion should be granted. As such, the Court will direct the Clerk to enter a judgment of liquidated damages in favor of Plaintiff and against Defendant in the amount of $40,700.

## BACKGROUND

On February 25, 2016, the jury rendered a verdict in favor of Plaintiff Regena White that found, in relevant part, that Defendant Beltram Edge Tool Supply had interfered with White's rights under the Family and Medical Leave Act ("FMLA") and had retaliated against White for requesting benefits under the FMLA. The jury awarded White damages in the

amount of $40,700 (Dkt. 94). On February 26, 2016, judgment was entered in favor of Plaintiff and against Defendant in the amount of $40,700. The Court reserved jurisdiction on attorney's fees, liquidated damages, and front pay (Dkt. 100). That same day, the Court denied Defendant's oral renewed motion for judgment as a matter of law (Dkt. 101).[1]

Defendant now moves for judgment as a matter of law, or, in the alternative, for a new trial. And Plaintiff moves for an award of liquidated damages under the FMLA. The Court addresses Defendant's motion first.

## DISCUSSION

**I.   Defendant's Motion for Judgment or a New Trial**

Defendant's motion asserts three main arguments: that the evidence at trial proved that White failed to give proper notice of her need for FMLA leave; that White received twelve weeks of leave and/or could not have returned to work within twelve weeks; and that White failed to introduce evidence by which a reasonable jury could have found retaliation. As Plaintiff notes in her response, these arguments are without merit in light of the trial testimony.

With respect to the notice White provided, the testimony reflected that White informed her supervisor on January 27, 2011, the day after her fall, that she had fallen and aggravated her knee injury. The next day, on January 28, 2011, Beltram provided White with an FMLA Certification of Health Care Provider form. Therefore, there was sufficient

---

[1] Defendant moved for judgment as a matter of law at the close of White's case, and renewed the motion when it rested (Dkts. 91, 92).

evidence in the record to allow the jury to find that White provided adequate notice of an FMLA qualifying event and that the need for leave was conveyed to Beltram as soon as practicable.

There was also sufficient evidence in the record to establish that White could have returned to work within the twelve-week period of time. Dr. Okun's testimony suggested that White was able to return to work as of March 28, 2011, which was within the twelve weeks. White also testified that, after the first week following her March 7, 2011 surgery, she was able to drive and could have returned to work if she was required to at that time. The jury's verdict is sufficient based on the evidence presented regarding White's ability to return to work.

Finally, White introduced sufficient evidence that a reasonable jury could have found retaliation. As White states in her response to Beltram's motion, there was sufficient evidence of pretext. Beltram's purported legitimate business reason for White's termination—White's violation of the company's time and attendance policy—was sufficiently called into question to support the jury's finding that retaliation was the real reason behind the termination. The jury was presented with evidence that Beltram was fully informed of White's medical condition and fired her immediately after it received confirmation from her physician that her leave would be prolonged.

In sum, Beltram has not established that judgment as a matter of law in its favor is appropriate. It also has not established that a new trial is necessary.

## II.     Plaintiff's Motion for Liquidated Damages

Plaintiff seeks an award of liquidated damages of $40,700, the amount of the verdict. "Liquidated damages are awarded presumptively to an employee when an employer violates the FMLA, unless the employer demonstrates that its violation was in good faith and that it had a reasonable basis for believing that its conduct was not in violation of the FMLA." *Cooper v. Fulton Cnty., Ga.,* 458 F.3d 1282, 1287 (11th Cir. 2006). The subjective and objective elements of this test are distinct, and the employer must demonstrate both. *See id.* at 1288 (holding that where an "employer subjectively acted in good faith but its conduct was objectively unreasonable, then it is not an abuse of discretion to award liquidated damages"); *see also* 29 U.S.C. § 2617(a)(1)(A)(iii) (stating that an employer must prove good faith and reasonableness "to the satisfaction of the court"). Notably "[t]here is a strong presumption under the statute in favor of doubling damages by awarding liquidated damages." *Williams v. Crown Liquors of Broward, Inc.*, 880 F. Supp. 2d 1286, 1287-88 (S.D. Fla. 2012) (internal quotations and citations omitted). "Showing good faith when a jury has determined intentional retaliation is a very high bar to clear, if indeed it can be." *Id.* (quoting *Hite v. Vermeer Mfg. Co.,* 446 F.3d 858, 869 (8th Cir. 2006)).

The jury in this case found that Beltram retaliated against White for requesting benefits under the FMLA. This finding negates any argument that Beltram acted in good faith. However, even if Beltram could point to sufficient evidence that it subjectively acted in good faith, Beltram does not establish that its conduct was objectively reasonable in light of the evidence presented at the trial. Simply put, Beltram's actions were not objectively

reasonable in light of the jury's finding that Beltram terminated White after it received adequate notice of her need to be absent from work for a serious health condition.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Judgment as a Matter of Law, or, in the Alternative, for a New Trial (Dkt. 110) is denied.

2. Plaintiff's Motion for Liquidated Damages (Dkt. 102) is granted.

3. The Clerk is directed to enter a judgment of liquidated damages in the amount of $40,700 in Plaintiff's favor and against Defendant.

4. The Court defers ruling on Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 106). As Plaintiff is clearly entitled to an award of fees and costs in this case as the prevailing party, the parties shall mediate the issue of a reasonable amount of fees, costs, and expenses within thirty (30) days of this Order.

5. If the parties do not settle this dispute at mediation, Defendant shall file its response to Plaintiff's Motion within fourteen (14) days of the mediation date.

**DONE** and **ORDERED** in Tampa, Florida on April 14, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-478.Mts-JudgmentandLiquidatedDam.wpd